The Honorable Karen A. Overstreet
Chapter 13
Hearing Date: November 13, 2009
Hearing Time: 9:30 a.m.
Hearing Location: Seattle, WA
Response Date: November 6, 2009

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>ROBERT S. BLENDHEIM and<br>DARLENE G. BLENDHEIM,<br><br>Debtors. | No. 09-10283-KAO<br><br>OBJECTION TO CLAIM #1 OF **LITTON LOAN SERVICING, L.P.** AND NOTICE OF HEARING |

TO: Litton Loan Servicing, L.P.
P.O. Box 829009
Dallas, TX 75382-9009

## I. OBJECTION

Pursuant to 11 U.S.C. § 502 and F ED. R. B ANK. P. 3007, Robert S. Blendheim and

Darlene G. Blendheim ("Debtors") object to the proof of claim filed by Litton Loan

Servicing, LP ("Litton") in the amount of $419,498.75.

## II. HEARING ON OBJECTION

A hearing to consider this objection will take place on November 13, 2009, at 9:30

a.m. before the Honorable Karen A. Overstreet, United States Bankruptcy Judge, United

OBJECTION TO CLAIM #1 OF **LITTON LOAN SERVICING, L.P.**
AND NOTICE OF HEARING - 1

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

States Courthouse, Courtroom 7206, 700 Stewart Street, Seattle, Washington, 98101. At the hearing, the Debtor will ask the court to deny Litton's claim in its entirety.

### III. RESOLVING DISPUTED CLAIMS

You may attempt to resolve the objection to your claim by contacting the undersigned counsel.

### IV. OPPOSING THE OBJECTION

If you wish to oppose the Debtors' objection to your claim, you must do so by filing a written statement with the Clerk of the United States Bankruptcy Court, United States Courthouse, 700 Stewart Street, Room 6301, Seattle, WA 98101, no later than the Response Date which is **November 6, 2009.** You must also provide a copy to undersigned counsel by the Response Date.

IF NO RESPONSE IS TIMELY FILED AND SERVED, the Court may, in its discretion, GRANT THE OBJECTION PRIOR TO HEARING, WITHOUT FURTHER NOTICE, and strike the hearing.

### V. OBJECTION

Debtors request that the Court to disallow Litton's claim for $419,498.75.

Litton is the loan servicing agent for HSBC bank ("HSBC"), the indenture trustee of the original lender - Fieldstone Mortgage Investment Trust ("Fieldstone"). Litton filed a proof of claim asserting a secured claim in the amount of $419,498.75 against the Debtors' real property located at 3717 Beach Drive SW, #315, Seattle, WA 98116.

OBJECTION TO CLAIM #1 OF **LITTON LOAN SERVICING, L.P.**
AND NOTICE OF HEARING - 2

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

Rule 3001 of the Federal Rules of Bankruptcy Procedure requires that "[w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Strict compliance with Rule 3001 is necessary to ensure that in the process of evaluation, unmeritorious or excessive claims do not dilute the participation of legitimate claimants. *See e.g., Gardner v. New* Jersey, 329 U.S. 565, 573, 67 S.Ct. 467, 472 91 L.Ed. 504 (1947). Here, while Litton has attached to its proof of claim a copy of the deed of trust as evidence of the security interest in Debtors' real property, it has failed to include a copy of the Promissory Note signed by the Debtors – the very contract that would evidence the Debtors' obligation to pay. Nor has Litton included a statement regarding the circumstances of the loss or destruction of the note, if such is the case. Furthermore, the Debtors believe that such failure is not a result of an inadvertent oversight, but instead, may be the result of the Creditor's inability to prove that it has standing to enforce collection on the Note.

The Debtors sent a qualified written request to Litton requesting, among other information, all documents and disclosures in Litton's possession in connection with the Debtor's loan. In response to the qualified written request, on August 28, 2009, Litton produced an Adjustable Rate Note, a copy of which is attached to the accompanying Declaration in Support of Objection to Proof of Claim. A review of the documents provided by Litton and compared to an otherwise substantially similar Promissory Note in the Debtors' possession reveals that the signature of Mr. Blendheim, which is found on page

OBJECTION TO CLAIM #1 OF **LITTON LOAN SERVICING, L.P.**
AND NOTICE OF HEARING - 3

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

| | |
|---|---|
| 1 | |
| 2 | five of the document, is not authentic.  The forgery is most apparent as evidenced by the |
| 3 | |

five of the document, is not authentic.  The forgery is most apparent as evidenced by the suffix "Jr" present in the signature on the Promissory Note produced by Litton, which is absent from that of the signature affidavit signed by Mr. Blendheim in connection with closing of the subject loan.  See Declaration in Support of Objection to Proof of Claim.

Therefore, because Litton's proof of claim is not supported by documentation necessary pursuant to FED. R. BANKR. P. 3001, the Court should disallow the proof of claim filed by Litton, and order such other and further relief as is just and proper.

DATED this 9th day of October, 2009.

                            RESOLVE LEGAL PLLC


                            By      */s/ Taryn M. Darling Hill*
                                Taryn M. Darling Hill, WSBA #38276
                                Attorneys for Debtors

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY
720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com