Judge: Karen A. Overstreet
Chapter: 13
Hearing Date: May 05, 2010
Hearing Time: 9:30 a.m.
Hearing Location:
    Judge Overstreet's Courtroom
    700 Stewart St #7206
    Seattle, WA 98101
Response Date: April 28, 2010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>ROBERT S BLENDHEIM and<br><br>DARLENE G BLENDHEIM,<br><br>        Debtor(s). | IN CHAPTER 13 PROCEEDING<br>NO. 09-10283-KAO<br><br>OBJECTION TO CONFIRMATION<br>OF PLAN AND MOTION TO<br>DISMISS CASE |

    K. Michael Fitzgerald, Chapter 13 Trustee, objects to the confirmation of the debtors' Chapter 13 plan and moves to dismiss the debtors' Chapter 13 case. In support of his Objection and Motion, the Trustee states as follows:

    The debtors filed this case on January 15, 2009. The debtors filed an original Chapter 13 plan on February 13, 2009 and amended plans on April 29, 2009, June 5, 2009, October 6, 2009, October 16, 2009 and March 2, 2010. The debtors' most recently filed amended plan (Docket No. 85) provides for monthly plan payments of $2,000.00 and a "one-time lump sum payment of $18,000.00 that has already been remitted to Harbor West Condominium Association for the Homeowner's Special Assessment." The Trustee currently has $44,014.09 on hand and he has disbursed $2,340.00 to Harbor West Condo Association.

    The debtors' schedules disclose one parcel of real property at 3717 Beach Drive Southwest, Number 315, Seattle, Washington. The debtors' original Schedule A valued the property at $402,000.00, while their amended Schedule A (Docket No. 48) valued the property at $328,000.00.

    Litton Loan Servicing, LP filed a proof of claim for $419,498.75 with a pre-petition arrearage of $89,647.29, and asserting a security interest in the property. The debtors objected to

OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS - 1

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282

Litton's claim (Docket No. 44), asserting that Litton's claim was not supported by documentation required by Bankruptcy Rule 3001. Based on the claim objection and no response by Litton, the Court disallowed Litton's claim in its entirety (Docket No. 74). The debtors also obtained an order that declared the secured interest of HSBC Mortgage Services as zero, allowed HSBC's claim as a general unsecured claim and declared HSBC's lien as void (Docket No. 75).

Section II. of the debtors' current amended plan (Docket No. 85) provides that "this third amended chapter 13 plan proposes to strip the lien [of Litton] upon confirmation of the plan" and that HSBC's lien "will be stripped from the residence and will render this creditor unsecured upon confirmation of the plan." The amended plan also provides for Litton in Section IV.C.1. of the plan, although it directs funds "to be held in trust pending plan completion and returned to debtors if unclaimed." Section XII.(e) of the plan provides that "Debtors believe the amount claimed as owed to the lender securing the primary residential loan, or alternatively that it has misapplied the rate and amount due and owing. Debtors will proceed with an objection to proof of claim, or an adversary proceeding in an effort to resolve the discrepancy. As a result, the Plan specifies that the mortgage payments be held in Trust pending resolution." The debtors have failed to serve that plan on creditors.

The various provisions of the amended plan appear inconsistent and the Trustee is unclear how to administer the terms of the proposed amended plan. In addition, the debtors should have long ago filed an adversary proceeding to resolve the issue with Litton. The Trustee objects to funds being held in trust and returned to the debtors "if unclaimed." If the plan payments are not going to be paid to secured creditors, then those funds are debtors' disposable income and must be disbursed to unsecured creditors pursuant to Chapter 13 of the U.S. Bankruptcy Code.

The Trustee reserves the right to assert additional bases for his Objection and Motion. A proposed Order on this Objection and Motion is attached and incorporated.

///

///

OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS - 2

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282

WHEREFORE, the Chapter 13 Trustee requests that the Court enter an Order denying confirmation of the debtors' Chapter 13 plan and dismissing the debtors' Chapter 13 case.

Dated this 25th day of March, 2010

                                       */s/ Jason Wilson-Aguilar*, WSBA #33582 for
                                       K. MICHAEL FITZGERALD
                                       Chapter 13 Trustee

OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS - 3

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282