# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| In re | Case No. 09-10283-KAO |
| ROBERT S. BLENDHEIM and<br>DARLENE G. BLENDHEIM,<br><br>      Debtors. | |
| ROBERT S. BLENDHEIM and<br>DARLENE G. BLENDHEIM,<br><br>      Plaintiffs,<br><br>vs.<br><br>THE NOTE HOLDER, AND LITTON LOAN<br>SERVICING, LP, AGENT FOR HSBC BANK<br>("HSBC"), THE INDENTURE TRUSTEE OF<br>THE ORIGINAL LENDER - FIELDSTONE<br>MORTGAGE INVESTMENT TRUST<br>("FIELDSTONE").<br><br>      Defendant. | Adversary No. 10-_____-KAO<br><br>COMPLAINT FOR DECLARATORY<br>RELIEF, INJUNCTIVE RELIEF, AND<br>DAMAGES BY WAY OF RECOUPMENT<br>AGAINST EACH DEFENDANT FOR:<br><br>(1) LIEN AVOIDANCE<br>(2) VIOLATIONS OF THE TRUTH IN<br>   LENDING ACT;<br>(3) VIOLATIONS OF THE EQUAL<br>   CREDIT OPPORTUNITY ACT<br>(4) VIOLATIONS OF THE REAL ESTATE<br>   SETTLEMENT PROCEDURES ACT<br>(5) VIOLATIONS OF THE WASHINGTON<br>   CONSUMER PROTECTION ACT;<br>(6) VIOLATIONS OF THE WASHINGTON<br>   CONSUMER LOAN ACT<br>(7) MISREPRESENTATION AND FRAUD<br>(8) BREACH OF DUTY OF GOOD FAITH<br>   AND FAIR DEALING<br>(9) ATTORNEYS FEES |

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND
DAMAGES - 1



720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

This adversary proceeding is brought by Debtors Robert and Darlene Blendheim pursuant to 11 U.S.C. § 502, to void the first mortgage lien on the Debtors' residence as it is valued at zero and shall not be enforced pursuant to 11 U.S.C. 506, 1322(b)(2) and 1327. In the alternative, the adversary is brought to object to any subsequent allowed secured claim of any alleged secured creditor on the basis that a portion of its claim is unenforceable against the Debtors under applicable law, and to assert counterclaims, setoff or recoupment, and attorneys' fees against a secured creditor.

## PARTIES

1.      The plaintiffs are Robert and Darlene Blendheim, debtors in a Chapter 13 case pending in the Western District of Washington.

2.      The Defendant is the Note Holder. Litton is the loan servicing agent for HSBC bank ("HSBC"), the indenture trustee of the original lender - Fieldstone Mortgage Investment Trust ("Fieldstone"). Litton filed a proof of claim asserting a secured claim in the Debtors' Chapter 13 bankruptcy in the amount of $419,498.75 against the Debtors' real property located at 3717 Beach Drive SW, #315, Seattle, WA 98116.

3.      On information and belief, Litton was acting as an agent for the Note Holder during the relevant period.

## JURISDICTION AND VENUE

4.      The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(B) and (C). This adversary

℞ℬ  RESOLVE LEGAL PLLC
        A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

arises in and/or relates to Case No. 09-10283, in the Western District of Washington, which is now pending in this Court before the Honorable Karen Overstreet.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (C), (K), and (O).

6. Venue in the Western District of Washington at Seattle in this adversary proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The Blendheims filed thier Chapter 13 petition on January 15, 2009.

8. Litton, the loan servicing agent for HSBC bank ("HSBC"), the indenture trustee of the original lender - Fieldstone Mortgage Investment Trust ("Fieldstone"), filed a proof of claim asserting a secured claim in the Debtors' Chapter 13 bankruptcy in the amount of $419,498.75 against the Debtors' real property located at 3717 Beach Drive SW, #315, Seattle, WA 98116. Litton's proof of claim was deficient and attached a forged Note.

## FACTUAL ALLEGATIONS

### Procedural Facts Relating to Avoidance of the Lien

9. The Blendheims filed a Chapter 13 Bankruptcy so they could cure arrearages and obtain possible remedies from the lender to rectify problems with their loan.

10. They had been pursuing various remedies for years before they filed their Chapter 13 Bankruptcy, including hiring a mortgage foreclosure assistant and pursuing a Chapter 7 Bankruptcy.

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

11.     The creditor in this matter has been unresponsive to all efforts made by the Blendheims to rectify problems with their loan.

12.     The Blendheims have, through both TILA and RESPA requests, obtained verification of the creditor's contact information to ensure that service on the lender has been appropriate and to ensure that the lender is obtaining information relevant to its property rights, as is set forth more fully below.

13.     Despite Debtors' attempts to engage the creditor, the creditor has remained unresponsive, and has not sought to remedy deficiencies raised by Debtors.

14.     On July 24, 2009, the Blendheims sent a Qualified Written Request in accordance with 15 U.S.C. § 1642(f)(2), in which they requested, among other information, that the servicer "please provide the name and address of said holder and indicate your relationship to this entity."  See Declaration of Nancy P. Hunter, ¶ 3.

15.     The response the Blendheim's received from Litton Loan Servicing Company on August 28, 2009, stated "[t]he current holder is HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-1/  Litton is the servicer of your loans.  All inquiries regarding your loans should be directed to: Litton Loan Servicing, LP 4828 Loop Central Drive, Houston, TX, 77081."

16.     On October 9, 2009, the Debtors filed an *Objection to Claim #1 of Litton Loan Servicing, L.P.*, with a hearing set for November 13, 2009, Docket #44.

17.     Litton Loan Servicing, L.P. was served by regular and certified mail at the address show on the Proof of claim.  Declaration of Karly Stevens, ¶ 2.

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

18.    On October 27, 2009, before response to the Debtors' objection to proof of claim was due, counsel for the creditor filed a motion for adequate protection disbursements on behalf of HSBC Bank as Indenture Trustee of Fieldstone Mortgage Investment Trust, as the secured creditor with servicer Litton Loan Servicing LP as "Movant." Docket #53.

19.    The creditor's motion failed to address any of the deficiencies raised in the Blendheims' Objection to Proof of Claim, in particular the alleged forgery and suspect validity of the Note.

20.    On November 9, 2009, a Declaration of No Objections to the Debtors' Objection to Proof of Claim was filed. Docket #70.

21.    In addition, Debtors, through their counsel, additionally caused counsel who appeared on the relief from stay motion to be served with the Declaration of No Objections. See Declaration of Nancy P. Hunter, ¶4.

22.    The Court entered an order on November 18, stating it was "ORDERED that claim of Litton Loan Servicing, L.P. (Claim No. 1) is DISALLOWED in its entirety." Docket #74. See, United Student Aid Funds, Inc. v. Espinosa, 176 L. Ed. 2d 158, 169 (U.S. 2010).

23.    Then on December 9, 2009, the Debtors filed a response to the creditor's Motion for Adequate Protection Disbursements and Relief from Stay alleging that the creditor had no grounds with which to seek adequate protection because its claim had been disallowed in full, and because it had failed to establish standing. Docket #77.

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

24.     On December 15, 2009, counsel for the creditor subsequently withdrew the Motion for Adequate Protection Disbursements and Relief from Stay and withdrew as counsel of record.  No other appearances have been made by or on behalf of the creditor.

25.     On February 16, 2010, in further hopes of eliciting participation or response from the creditor, the Debtors sent yet another Qualified Written Request letter to the Servicer requesting in accordance with 15 U.S.C. § 1642(f)(2), that the servicer "send to us directly, the name, address, and telephone number of the owner of the obligation securing our home….within 10 days of the date of this letter."   A copy was mailed by first class mail, postage prepaid, and by certified mail, postage prepaid, to Litton Loan Servicing LP, 4828 Loop Central Dr., Houston, TX 77081-2226.

26.     To date, the Debtors have received no response to the request.

**Factual Allegations Relating to Defects in the Loan**

27.     Robert Blendheim is a Vietnam War Veteran who is, and was at the time of the subject transaction a disabled veteran, who has substantial maladies arising from overexposure to Agent Orange during his tour of duty.  He had been falling down the stairs at their home, and out of concern for his well-being, the Blendheims decided to sell their former home and move to a home with no stairs that would be wheelchair accessible if Robert's health continued to decline.

28.     The Blendheims found their current home at 3717 Beach Drive S.W., 3315, Seattle, Washington; it had no stairs, and it was accessible via elevator and wheelchair, if need be.



720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

29.     The Blendheims worked with broker, Faiyaz Farouk, a real estate agent with The Landmark Group, Inc., who referred them to Nizar Mansour of American Mortgage Group, Inc., to assist them in obtaining a loan.

30.     The Blendheims have come to view the transaction itself as a schmeme for the mortgage broker, the real estate broker, and the lender to extort additional money from them Blendheims by placing them in an unaffordable loan.

31.     The servicer and the current holder are aware, or should have been aware of the loans deficiencies as they are apparent on the documents submitted by the servicer through its response to the Qualified Written Request.  Exhibit A.

32.     The mortgage broker, Mansour, visited their home and filled out basic information for the Blendheim's on November 28, 2005, in which he falsified the Blendheim's income.  The application indicated the Blendheims were applying for a loan with a principal amount of $410,000 with an initial interest rate of 8.25%.  **Exhibit B**.

33.     Mansour did not provide the Blendheims with a copy of their loan application, nor did he present them with the CHARM booklet, a Good Faith Estimate of Settlement Costs, a mortgage servicing disclosure, or a loan program disclosure for each variable-rate program the Blendheims expressed interest in.

34.     The loan application was subsequently revised, unbeknownst to the Blendheims to reflect an altered structure of the transaction, resulting in a splitting up of the first mortgage covering 80% of the purchase price, and a second mortgage covering the remaining 20%.

**R E S O L V E** LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

35.     The Blendheims did not receive any of the early disclosures from either American Mortgage Group, Inc., or Fieldstone Mortgage Company within three days of application.

36.     In addition to the revised first mortgage application, and without the Blendheims' knowledge or consent, Mansour prepared an application for a second mortgage in the amount of $82,000, financed at 11.35% for a term of 15 years, resulting in a substantial balloon payment at maturity.

37.     From start to finish, the Blendheims' mortgage application took two weeks to process. Mansour submitted their revised loan application on November 29, 2005, then on December 13, 2005, Elina V. Beglyarova of Alliance Escrow, LLC went to the Blendheims' home to conduct the close. She arrived with a three year old child and was distracted and in a rush. She instructed the Blendheims' where to sign on the documents but did not explain what they were signing.

38.     Litton Loan Servicing LP and HSBC were aware of the deficiencies relating to loan origination because they are apparent in the documents. This is further evidenced by the documents submitted by Litton Loan Servicing, as servicer for the holder on August 28, 2009, through a Qualified Written Request ("QWR") by Debtors soliciting all information relating to the inception of the loan, which are fraught with inconsistencies and forgeries. **Exhibit A.**

39.     Debtor Robert Blendheim's name is forged on the Residential Loan Application provided by the creditor in response to the QWR. Exhibit A.



720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

40.     Debtor Robert Blendheim's name is forged on the Promissory Note provided by the creditor in response to the QWR.  Exhibit A.

41.     The Signature Affidavit provided by the creditor in response to the QWR appears to be valid, but entirely conflicts with the forged signatures on the remaining documents which include the "Jr." that Mr. Blendheim does not use. Exhibit A.

42.     The Blendheims received inconsistent Truth-In-Lending-Disclosure-Statements.  Debtor Robert Blendheim's name is forged on the TILA disclosure provided by the creditor in response to the QWR, and the TILA disclosure signed by the Blendheims is for an entirely different loan product that is substantially lower in cost to the Blendheims.

43.     The Truth in Lending disclosure bearing the Blendheims' signatures was dated November 29, 2005, and indicates the Blendheims' would finance $328,000 at an Annual percentage rate fixed 8.25% and total payments would be $887,101, with a Finance Charge of $559,101.  It is signed and dated on December 13, 2005. See **Exhibit C.**

44.     The lender, however, has provided another Truth-in-Lending Disclosure "Final Statement" through the response to the QWR dated December 8, 2005, which indicates that the Blendheims would finance $317,736.66 on an adjustable mortgage, fixed for the first two years, and reveals the Annual Percentage Rate to be 11.313%.  The

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

total payments listed on this TILA disclosure are 1,117,086.96, and the Finance Charge was $799,350.30. Exhibit A.

45. The inconsistencies in the TILA disclosures reveal the "Final Statement" submitted by the lender to cost the Blendheims over $229,985.90 more in total payments made and resulted in an increased Finance Charge of $240,249.30 over and above the amounts specified in the TILA disclosure that the Blendheims actually signed off on. Compare Exhibit A to Exhibit C.

46. Importantly, the TILA "Final Statement" disclosure provided by the lender, has a forged signature for Robert Blendheim, as is evidenced by the addition of "Jr.".

47. The transaction resulted in Mr. Farouk obtaining his expected real estate commission of $12,300.

48. Mr. Mansour, of American Mortgage Group Inc., obtained $4,920 in loan origination fees, $6,560 from Fieldstone Mortgage Company in the form of a yield spread premium as well as an additional "processing fee" of $990, in addition to the $13.50 the mortgage company charged for a credit report, for a total of $12,483 paid to American Mortgage Group Inc.

49. The originating lender, Fieldstone Mortgage Company obtained an underwriting fee of $1,248, but most importantly, the lender obtained an Interest Only Hybrid Adjustable Rate Mortgage loan that began with a teaser rate of 8.25% for the first two years after which it would adjust every six months, based on the 6-month LIBOR

**RESOLVE** LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

plus a Margin of 6.25% rounded to the nearest 1/8[th] of one percent. The interest only

period terminated after the first five years at which point the loan would amortize for the

remaining 25 years.

50. The loan was presumptively unfair because the lender knew, based upon

their stated income, that the Blendheims could not afford the monthly payment increases

once the loan ages past the two-year fixed period and began adjusting to the fully-indexed

interest rate.

51. The broker and lender appear to have switched the loan product at the

last minute, because the fully amortizing ARM loan caused the Blendheims' total debt-

to-income ratio to exceed 50%. By placing them into an Interest Only ARM, the lender

was able to shave just enough off the monthly debt service to complete the transaction

without sacrificing a rate reduction.

52. This transaction put the lender in a good position to sell the Blendheims'

loan to the securitized market which could yield a higher profit even if the Blendheims

could not afford the loan.

### Count 1 Against Litton as Loan Servicing Agent for HSBC Bank – The Claim Has Been Disallowed and Lien Should Be Avoided.

53. The Blendheims incorporate by reference and reallege all paragraphs

herein.

54. The Blendheims have obtained verification of the creditor's contact

information to ensure that service on the lender has been appropriate and to ensure that

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

the lender is obtaining information relevant to its property rights.  On July 24, 2009, the Blendheims sent a Qualified Written Request in accordance with 15 U.S.C. § 1642(f)(2).

55.     The response the Blendheim's received from Litton Loan Servicing Company on August 28, 2009, stated "The current holder is HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-1/ Litton is the servicer of your loans.  All inquiries regarding your loans should be directed to: Litton Loan Servicing, LP 4828 Loop Central Drive, Houston, TX, 77081."

56.     On October 9, 2009, the Debtors filed an *Objection to Claim #1 of Litton Loan Servicing, L.P,* with a hearing set for November 13, 2009, Docket #44.

57.     Litton Loan Servicing, L.P. was served by regular and certified mail at the address show on the Proof of claim.  See Declaration of Karly Stevens, ¶ 2.

58.     On October 27, 2009, before response to the Debtor's objection to proof of claim was due, counsel for the creditor filed a motion for adequate protection disbursements on behalf of HSBC Bank as Indenture Trustee of Fieldstone Mortgage Investment Trust, as the secured creditor with servicer Litton Loan Servicing LP as "Movant."  Docket #53.

59.     The creditor's motion failed to address any of the deficiencies raised by the Objection to Proof of Claim, in particular the alleged forgery and suspect validity of the Note.

60.     On November 9, 2009, a *Declaration of No Objections* to the Debtors' Objection to Proof of Claim was filed.  Docket #70.

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

61.     In addition, Debtors, through their counsel, also caused counsel of record on the relief from stay motion to be served with the Declaration of No Objections.   See Declaration of Nancy P. Hunter, ¶4.

62.     The Court entered an order on November 18, stating it was "ORDERED that claim of Litton Loan Servicing, L.P. (Claim No. 1) is DISALLOWED in its entirety."   Docket #74.  See, United Student Aid Funds, Inc. v. Espinosa, 176 L. Ed. 2d 158, 169 (U.S. 2010).

63.     Then on December 9, 2009, the Debtors filed a response to the creditor's Motion for Adequate Protection Disbursements and Relief from Stay alleging that the creditor had no grounds with which to seek adequate protection because its claim had been disallowed in full, and because it had failed to establish standing.   Docket #77.

64.     In addition, Debtors, through their counsel, also caused counsel of record on the adequate protection disbursement and relief from stay motion to be served with the Declaration of No Objections.   See Declaration of Nancy P. Hunter, ¶4.

65.     On December 15, 2009, counsel for the creditor subsequently withdrew the Motion for Adequate Protection Disbursements and Relief from Stay and withdrew as counsel of record.  No other appearances have been made by or on behalf of the creditor, despite the Blendheims repeated efforts to engage it.

### PRAYER FOR RELIEF FOR COUNT 1

WHEREFORE, the Debtors pray this Court to:

a.     Find that notice of the adversary upon the Lienholder was proper.

ℛℬ RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

b.      Value the interest of the Note Holder represented by Litton Loan Servicing Company in the Debtors' residence located at 3717 Beach Drive Southwest, # 315, Seattle Washington (the "Subject Property"), which related claim has already been disallowed in its entirety, is worth $0.00.

c.      For purposes of Debtors' Chapter 13 plan only, the Lien is valued at zero, the Lienholder does not have a secured claim, and the Lien may not be enforced pursuant to 11 U.S.C. 506, 1123(b)(5) and §§ 506, 1322(b)(2) and 1327.

d.      This Order shall become part of Debtors' confirmed Chapter 13 plan.

e.      Upon Plan Completion, the Lien of the Holder, represented by Litton Loan Servicing Company on the Subject Property, and specifically any lien described in the December 5, 2005, mortgage and note from the Debtors shall be voided for all purposes, and upon application by the Debtor, the Court will enter an appropriate form of judgment voiding the lien.

f.      If Debtor's chapter 13 case is dismissed or converted to one under another chapter before Debtor obtains a discharge, this order shall cease to be effective and the Lien shall be retained to the extent recognized be applicable nonbankruptcy law, and upon application by the lienholder, the Court will enter an appropriate form of order restoring the Lien.

g.      Except as provided by separate, subsequent order of this Court, the Lien may not be enforced so long as this order remains in effect.

ℛ℘  RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

**<u>Alternatively, if a Claim is Subsequently Submitted and Allowed, the Debtors Pursue the Following Counts By Way Of Recoupment Against the Holder</u>**

**<u>*Count 2– TILA*</u>**

66.     The Blendheims incorporate by reference and reallege all paragraphs herein.

67.     The transaction upon which this claim is based was a consumer credit transaction subject to the federal Truth in Lending Act, 15 U.S.C. §§ 1601-1666j, and Regulation Z thereunder, 12 C.F.R. § 226.

68.     The current holder is a Creditor within the meaning of the Truth in Lending Act and Regulation Z, 12 C.F.R. 226.2(17).

69.     The current holder is liable under 15 U.S.C. § 1641 for the following violations, as they are apparent on the face of the disclosures.

70.     The lender's failure to deliver all the material disclosures required by the Truth in Lending Act and Regulation Z, including but not limited to advanced disclosures including a Good Faith Estimate, a correct Truth-in-Lending Disclosure Statement, appropriately disclosing the Annual Percentage Rate, the Amount Financed, and the Finance Charges as required under 15 U.S.C. § 1638 and Regulation Z § 226.17 and 226.18.  The required APR disclosures violate 15 U.S.C. § 1638, entitling the Blendheims to actual and statutory damages under 15 U.S.C. § 1640.

71.     The lender, by and through its agents failed to respond to the Blendheims' letter requesting the name and address of the holder pursuant to 15 U.S.C. § 1642, entitling the Blendheims to statutory damages.

ℛℬ **RESOLVE** L E G A L PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

**PRAYER FOR RELIEF FOR COUNT 2**

WHEREFORE, the Blendheims request:

a.      As a direct and proximate result of the lender's conduct, the Blendheims' request statutory damages in the amount of $4000 by way of recoupment.

b.      Actual damages to be proven at trial and attorneys' fees.

c.      Any allowed claim to be determined to be reduced by way of recoupment.

d.      The Blendheims be awarded attorneys' fees and costs herein.

### *Count 3– Violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691*

72.      The Blendheims incorporate by reference and reallege all paragraphs herein.

73.      The subject mortgage transaction is subject to the Equal Credit Opportunity Act, ("ECOA"), 15 U.S.C. §§ 1691 and its Regulation B, 12 C.F.R. Part 202.

74.      It is alleged that the current holder is liable as an assignee for the originating creditor's violations of the ECOA.

75.      The mortgage broker and Fieldstone Mortgage violated the ECOA by targeting and discriminating against the Blendheims on the basis of Mr. Blendheim's disability, when his Veteran status would have provided him with a loan with much more favorable terms for the Blendheims.

76.      Fieldstone Mortgage and the mortgage broker violated the ECOA when the Blendheims applied for and were provided with disclosures for a fixed rate mortgage for 410,000, but then subsequently steered them into an unconscionably higher cost loan.

ℬℛ **RESOLVE** LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

77. Fieldstone Mortgage and the mortgage broker failed to deny the Blendheims for the loan product they originally applied for in violation of the ECOA.

78. When Fieldstone Mortgage and the mortgage broker granted credit that the Blendheims had not applied for in a much larger amount, the lender violated the procedural mandate under the ECOA to send written notice of the creditor's action on the original application.

79. The lender's failure resulted in a bait-and-switch at the very last moment of the loan and caused substantial damage to the Blendheims by way of increased fees and rates.

80. The holder is liable to the Blendheims for actual and punitive damages to as recoupment to offset the amount claimed on a subsequent allowed claim.

## PRAYER FOR RELIEF FOR COUNT 3

WHEREFORE, the Blendheims request:

a. As a direct and proximate result of the lender's conduct, the Blendheims' request actual damages by way of recoupment to be determined at trial.

b. Punitive damages by way of recoupment in an amount determined by the Court.

c. An award of costs and attorneys' fees.

d. Any allowed claim to be determined to be reduced by way of recoupment.

e. The Blendheims be awarded attorneys' fees and costs herein.

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

***<u>Count 4 – Violations of The Real Estate Settlement Procedures Act "RESPA")</u>***
***<u>(12 U.S.C. § 2605</u>***

81.     The Blendheims incorporate by reference and reallege all paragraphs herein.

82.     Under RESPA, a written inquiry triggers obligations upon a servicer of a loan.   Litton failed to acknowledge the Blendheim's request of February 16, 2010, within 20 days of receipt, in violation of RESPA.

83.     To date, Litton has failed to provide the information requested in Mrs. The February 16, 2010, qualified written request.  A response is required within 60 days of that date.

84.     Due to Litton's violations of RESPA, the Blendheims have incurred damages and attorneys' fees for which they will be entitled to be compensated if unremedied.

## PRAYER FOR RELIEF FOR COUNT 4

WHEREFORE, the Blendheims request:

a.     As a direct and proximate result of the lender's conduct, the Blendheims' request statutory damages by way of recoupment.

b.     Actual damages to be proven at trial.

c.     Any allowed claim to be determined to be reduced by way of recoupment.

d.     The Blendheims be awarded attorneys' fees and costs herein.

**RESOLVE** LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

## _Count 5 – Violations of the Washington Consumer Protection Act; RCW 19.86_

82.     The Blendheims incorporate by reference and reallege all paragraphs herein.

83.     The holder has engaged in a pattern of unfair business practices under the Consumer Protection Act (RCW 19.86), pursuant to RCW 19.86, et seq.

84.     The holder has engaged in deceptive practices to make an unaffordable loan to the Blendheims in order to charge extraordinarily high fees and interest rates.

85.     The holder engaged in deceptive practices to make an unaffordable loan to the Blendheims without regard to thier ability to repay the note.

86.     The deceptive nature of the transaction is apparent to the holder on the face of the documents provided by servicer through QWR because the Blendheims did not receive required disclosures, as Mr. Blendheim's signature was forged on several disclosures required by TILA, as well as on the very promissory Note.

87.     Through the lender's failure to make disclosures in accordance with TILA, the violation also constitutes _per se_ violations of the Consumer Protection Act, RCW 19.86.

88.     The lender's failure to make disclosures in accordance with the Washington Consumer Loan Act, RCW 31.04 _et seq,_ the violations also constitute _per se_ violations of the Consumer Protection Act, RCW 19.86.

89.     The Blendheim's have suffered and continue to suffer ascertainable damages as a result of the holder's unfair and deceptive business practices.

ℜℬ **RESOLVE** LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

**PRAYER FOR RELIEF FOR COUNT 5**

WHEREFORE, as a direct and proximate result of the lender's conduct, the Blendheims request treble damages and attorney's fees to be proven at the time of trial and to be applied to any allowed claim by way of recoupment.

### *Count 6 – Violations of Washington's Consumer Loan Act RCW 31.04*

90.  The Blendheims incorporate by reference and reallege all paragraphs herein.

91.  The holder failed to comply with the requirements of RCW 31.04 et. seq., Washington's Consumer Loan Act, and misled and/or defrauded the Blendheims, by its failure to make disclosures as required under the Act.

92.  The holder failed to comply with the requirements of RCW 31.04 et. seq., Washington's Consumer Loan Act, and misled and/or defrauded the Blendheims, by directly or indirectly employing any scheme, device, or artifice to defraud or mislead  as a result of the forgeries that appear on the face of several necessary and integral documents to this transaction including the TILA disclosures, and the promissory Note. See Exhibit A.

93.  The holder failed to comply with the requirements of RCW 31.04 et. seq., Washington's Consumer Loan Act, and misled and/or defrauded the Blendheims, by engaging in any unfair or deceptive practice toward any person, as is evidenced by the forgeries that appear on the face of several necessary and integral documents to this transaction including the TILA disclosures, and the promissory Note.  See Exhibit A.

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

94.     The holder failed to comply with the requirements of RCW 31.04 et.

seq., Washington's Consumer Loan Act, and misled and/or defrauded the Blendheims, by

e directly or indirectly obtaining property by fraud or misrepresentation, as is evidenced

by the forgeries that appear on the face of several necessary and integral documents to

this transaction including the TILA disclosures, and the promissory Note.  See Exhibit A.

95.     The Defendant's actions, failures to act, and failures to disclose,

constitute violations of the Consumer Loan Act and are, therefore, per se violations of the

Consumer Protection Act, RCW 19.86.

### PRAYER FOR RELIEF FOR COUNT 6

WHEREFORE, as a direct and proximate result of the lender's conduct, the

Blendheims requests treble damages and attorney's fees to be proven at the time of trial

for intentional violations of the Consumer Protection Act and to be applied by way of

recoupment.

### *Count 7– Misrepresentation and Fraud*

96.     The Blendheims incorporate by reference and reallege all paragraphs

herein.

97.     The Blendheims allege that the holder, by and through its respective

agents, intended to mislead or defraud them through conflicting and incomprehensible

disclosures, regarding the character, essential terms, consequences, and conditions of the

loan so that it would incur significant additional fees that would result in a benefit and a

profit for it and that would result in significant financial damage to the Blendheims.

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

98.     The Blendheims further allege that the lender acted intentionally to mislead, misrepresent, deceive, or defraud them in order to induce them, through a bait and switch to entering into a the transaction by failing to disclose timely and through appropriate disclosures, documents, or otherwise, the excessive costs of the loan.

99.     The Blendheims further alleges that the holder, by and through its respective agents, acted intentionally to mislead, misrepresent, deceive, or defraud them by presenting forged documents alleged them to be Mr. Blendheim's signatures on pertinent and necessary documents, and then holding those documents out as valid documents for which to pursue payment and other remedies it alleged it was entitled to.

## PRAYER FOR RELIEF FOR COUNT 7

WHEREFORE, as a direct and proximate result of the lenders' conduct, the Blendheims requests damages in an amount to be proven at trial and to be applied to any allowed claim by way of recoupment..

## *Count 8 – Breach of Duty of Good Faith and Fair Dealing*

100.    The Blendheims incorporate by reference and reallege all paragraphs herein.

101.    The Blendheims further allege that the holder, through its agents, has breached the duty of good faith and fair dealing by presenting forged documents alleged them to be Mr. Blendheim's signatures on pertinent and necessary documents, and then holding those documents out as valid documents for which to pursue payment and other remedies it alleged it was entitled to.

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

102.     The Blendheims further allege that the holder, through its agents, has breached the duty of good faith and fair dealing by failing to provide the Blendheims with valid proof that it possesses the rights to enforce a valid security interest against the Blendheims when the Blendheims first began pursuing correspondence with the lender to address their concerns regarding the loan, necessitating that they hire a specialist in foreclosure assistance, and ultimately requiring that the Blendheims file a Chapter 13 bankruptcy in order to remedy arrears and deficiencies in the loan transaction.

103.     The Blendheims further allege that the lender has breached the duty of good faith and fair dealing by failing to participate meaningfully in the Blendheim's bankruptcy, and by failing to address concerns raised by their objection to proof of claim, necessitating that the Blendheims incur substantial fees and costs pursuing alternative remedies against the holder.

### PRAYER FOR RELIEF FOR COUNT 8

WHEREFORE, as a direct and proximate result of the lender's conduct, the Blendheims request damages in an amount to be proven at trial and to be applied to any allowed claim by way of recoupment..

### _Count 9– For Attorneys Fees_

104.     The Blendheims incorporate by reference and reallege all paragraphs herein.

105.     The Blendheims seek attorneys' fees as provided under the Truth in Lending Act.

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

106.     The Blendheims seek attorneys' fees as provided under the Equal Credit Opportunity Act.

107.     The Blendheims seek attorneys' fees as provided under the Real Estate Settlement and Procedures Act.

108.     The Blendheims seek attorneys' fees as provided under the Washington Consumer Protection Act.

109.     The Blendheims seeks attorneys' fees as provided under the per se violations of the Consumer Protection Act for violations for the Washington Consumer Protection Act.

110.     The Blendheims seek attorneys' fees based upon Washington's reciprocal award of fees resulting from contractual provisions.

## PRAYER FOR RELIEF FOR COUNT 9

WHEREFORE, as a direct and proximate result of the defendants' conduct, the Blendheims requests attorneys' fees and costs in an amount to be proven at trial.

## PRAYER FOR RELIEF FOR COUNTS 2-9

WHEREFORE, The Blendheims respectfully requests that the Court grant the following relief:

1.     If a subsequent claim is filed, the claim be disallowed unless it accounts for recoupment for the aforementioned causes of action;

2.     Any allowed secured claim be offset by Defendant's liability for the aforementioned defenses and by payments made in satisfaction of the debt;

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES - 24

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

3.  The allowed secured claim be offset by Defendant's own failure to mitigate and respond to the Blendheims' repeated requests prior to bankruptcy and its failure to participate in the bankruptcy.

4.  Statutory damages and actual damages in an amount to be determined at trial by way of recoupment;

5.  That the Blendheims be awarded reasonable attorneys' fees and costs herein under statutory provisions, and/or alternatively Washington's reciprocal award of fees resulting from contractual provisions;

6.  That the actions of the Defendant be declared unfair and deceptive business practices in violation of Washington's Consumer Protection Act, and that this Court award all such relief to the Blendheims as they may be entitled to under the Consumer Protection Act, including treble damages to be applied by way of recoupment and an award of costs and attorneys' fees;

7.  Such other further relief as is just and equitable under the circumstances of this case.

DATED this 8th day of April 2010.

RESOLVE LEGAL PLLC


By___*/s/ Taryn M. Darling Hill*_____
        Taryn M. Darling Hill, WSBA #38276
Attorneys for Debtors

ℬℛ **RESOLVE** LEGAL PLLC
              A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com