Honorable Karen A. Overstreet
Chapter 13
Hearing Date: May 5, 2010
Hearing Time: 9:30 a.m.
Hearing Place: Courtroom 7206
Response Date: April 28, 2010

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| In re | No. 09-10283-KAO |
|---|---|
| ROBERT S. BLENDHEIM and DARLENE G. BLENDHEIM, <br><br> Debtors. | DEBTORS' RESPONSE TO CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN and MOTION TO DISMISS CASE |

Robert S. Blendheim and Darlene G. Blendheim ("Debtors"), by and through counsel, Taryn M. Darling Hill and Resolve Legal PLLC, respond to the *Chapter 13 Trustee's Objection to Confirmation of Plan and Motion to Dismiss Case* as follows. Debtors have submitted two plans in an effort to remedy the Trustee's concerns as addressed in the objection to confirmation of the plan. The 6th Amended Plan was submitted on March 31, 2010, and the 7th Amended Plan was submitted on or about April 5, 2010. Following the submission of the 7th Amended Plan, Debtors also filed an adversary action against Litton Servicing as alleged to represent the lien holder on Debtors' primary residence. Mark Moburg of Routh Crabtree filed Notice of Appearance on behalf of the creditor in the adversary on April 26, 2010.

DEBTORS' RESPONSE TO CHAPTER 13 TRUSTEE'S OBJECTION TO
CONFIRMATION OF PLAN and MOTION TO DISMISS CASE - 1



RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

The 7th Amended Plan seeks to address plan payments in the interim, and requires the Debtors to pay an amount to be held by the Trustee on behalf of the allegedly secured creditor pending resolution of the adversary. Hearing on confirmation of the 7th Amended Plan has been set for Wednesday, May 19, 2010. As a result, Debtors ask the Court to continue the Trustee's pending motion to dismiss because the current plan's revisions and the adversarial action may remedy the Trustee's remaining concerns.

Debtors are current in their plan payments, they have made substantial efforts to remedy concerns in their plan as raised by the Trustee and they have complied with the various requests made by the Trustee through Confirmation Continuance Notices by supplying the Trustee with requested information and as evidenced by Debtors' numerous revisions to their Chapter 13 Plan. Debtors have and continue to take extraordinary measures to obtain participation of the secured lender on their primary residence as is factually set forth in the pending adversary complaint and it is their goal to stay in their home and remedy deficiencies relating to their mortgage. Debtors' current plan provides a reasonable solution pending the resolution of the adversary, and Debtors have provided consistent plan payments to which a secured creditor with standing could claim rights to. This case is by no means a straightforward Chapter 13 case in which Debtors' path to a successful plan is clearly and intuitively set forth. That the secured lender filed a proof of claim attaching forged documentation in support, and then failed to respond to an objection of that claim while providing a somewhat confusing and ambiguous procedural background does not mean that the Debtors' should be dismissed out of the Chapter 13 process. To the contrary, there are

DEBTORS' RESPONSE TO CHAPTER 13 TRUSTEE'S OBJECTION TO
CONFIRMATION OF PLAN and MOTION TO DISMISS CASE - 2

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

litigable issues involving the lien on Debtors' home that were not readily remedied by a simple response to an objection, an option Debtors originally pursued so as not to unnecessarily pursue adversarial action before determining that the deficiencies could not be easily and efficiently remedied. With approximately 15 months of completed plan payments, Debtors have made clear that they will do what is required of them under law to remedy the Trustee's concerns and the debtors have taken extraordinary measures to obtain and work toward resolution with the creditor on their first mortgage. There are no unsecured creditors in this bankruptcy, as Debtors have already obtained a discharge in a Chapter 7 Bankruptcy. Dismissal does not appear to be an equitable remedy for any party involved. For the reasons set forth above, Debtors request that the Court deny the Trustee's Motion to Dismiss.

DATED this 28th day of April 2010.

RESOLVE LEGAL PLLC

By  */s/ Taryn M. Darling Hill*
    Taryn M. Darling Hill, WSBA #38276
Attorneys for Debtors

DEBTORS' RESPONSE TO CHAPTER 13 TRUSTEE'S OBJECTION TO
CONFIRMATION OF PLAN and MOTION TO DISMISS CASE - 3

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 28, 2010, I caused a copy of the foregoing to be served via CM/ECF on the following parties:

K Michael Fitzgerald  courtmail@seattlech13.com

Michael A Padilla on behalf of Special Request Harbor West Condominim Association
mike@condo-lawyers.com , bob@condo-lawyers.com; lojlsecf@gmail.com

United States Trustee  USTPRegion18.SE.ECF@usdoj.gov

DATED this 28th day of April 2010, at Seattle, Washington.


*/s/ Nancy Hunter*
Nancy Hunter, CBA

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY
720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com